IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF | § | |
| WILBERT LEE HENSON | § | |
| | § | |
| VS. | § | |
| | § | |
| WICHITA COUNTY, TEXAS; | § | |
| SHERIFF THOMAS J. | § | |
| CALLAHAN IN HIS OFFICIAL | § | CIVIL ACTION NO. |
| AND INDIVIDUAL CAPACITY; | § | 7-06CV-044-R |
| DANIEL H. BOLIN, M. D.; KAYE | § | |
| KRAJCA; ROSE INGRAM; | § | ECF |
| MICHELLE GEORGE; JEFF | § | |
| BAKER; SOMCHAI MONTHAR; | § | |
| WILLIAM OSEI;  JONATHON | § | |
| PARKER; SCOTT SWALWELL; | § | |
| MICHAEL GRAVES; OFFICER | § | |
| SHEPHERD AND UNIDENTIED | § | |
| DETENTION OFFICERS #1,2,3,4 | | |
| AND 5 | | |

MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT
DANIEL H. BOLIN, M.D.'S MOTION TO DISMISS BASED ON
QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel H. Bolin, M.D., a Defendant in the above-styled

and numbered cause, and in support of his motion to dismiss based on his

qualified immunity submits the following memorandum brief:

I.
INTRODUCTION

This case centers upon the allegedly negligent medical care rendered to the

deceased, Wilbert Henson, by the detention officers and nursing staff at the

Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s
Motion for Dismiss                                    Page 1 of 15
42446v1 190-1027

Wichita Falls County Jail Annex ("Annex") during detainee Henson's incarceration.   Mr. Henson was arrested on November 23, 2004 on charges of driving on a suspended driver's license and was transported to the Wichita Falls County jail.   During his book-in, Mr. Henson allegedly notified the booking officers of his respiratory condition, claiming that he needed an antibiotic and inhaler to alleviate his respiratory symptoms.   Later in the evening, he was transferred from the main jail to the Wichita Falls County Jail Annex.   In the days that followed, Mr. Henson's medical condition allegedly deteriorated, ultimately leading to his death on September 29, 2004.   At no time during detainee Henson's incarceration was Defendant Bolin contacted about the detainee's medical condition nor was there any attempt to contact Dr. Bolin to provide care to detainee Henson.

Plaintiffs seek to hold Dr. Bolin liable for damages under 42 U.S.C. § 1983 for Fourth and Fourteenth Amendment due process violations.   Dr. Bolin is shielded by qualified immunity for performing discretionary functions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).   Abrogation of qualified immunity is the exception rather than the rule, and the burden is on the plaintiff to overcome the qualified immunity defense.   *See Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).   Plaintiffs have failed to overcome this burden in their pleadings, despite the opportunity following Defendant Bolin's Motion for More Definitive Statement.

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                                    **Page 2 of 15**
42446v1 190-1027

## II
## ARGUMENT AND AUTHORITIES

### A. Standard for Review

A Motion to Dismiss under FRCP 12(b)6 is proper if there is no genuine issue of material fact and the plaintiff's pleadings on their face show that plaintiff is unable to prove any facts that would entitle them to relief.   Fed. R. Civ. P. 12(b)6. The nonmoving party need only show that there are no facts pled (in this case by the Plaintiffs) to state a viable cause of action in order to shift the burden of proof. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).   A defendant can meet his FRCP 12(b)6 obligation by pointing the court to the absence of evidence to support the plaintiffs' claims because a defendant does not have the burden to prove the plaintiffs' claims. *See* Celotex Corp. v. *Catrett,* 477 U.S. 317, 325, (1986).

### B.     Deliberate Indifference

To state an actionable claim for denial of medical care under 42 U.S.C. § 1983, a prisoner and/or detainee must show that the governmental official acted or failed to act with subjective deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Farmer v. Brennan,* 511 U.S. 825 (1994); *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996 *(en banc)*.  Negligence or even gross negligence is insufficient to establish deliberate indifference as a matter of law. *See Estelle,* 429 U.S. at 104-06.

Additionally, to state a claim under 42 U.S.C. § 1983 for failure to train or supervise, the prisoner/detainee must show that the failure to train or supervise

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                           **Page 3 of 15**
42446v1 190-1027

amounted to deliberate indifference. *City of Canton v. Harris,* 489 U.S. 378, 389 (1989).

Section 1983 does not impose respondeat superior or vicarious liability on supervisory government officials *solely* because of a supervisory relationship with a person who allegedly violates § 1983. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 692 (1978); *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). One who supervises certain aspects of jail operations is not liable for the actions of their subordinates under 42 U.S.C. § 1983. *See Jett v. Dallas Independent School District,* 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 104 S.Ct. 248 (1983) (personal involvement is an essential element in civil rights cause of action). Supervisory officials may be held liable under 42 U.S.C. § 1983 *only* if: (1) they affirmatively participate in acts that caused the constitutional deprivation; or (2) implement unconstitutional policies that causally result in the plaintiff's injury. *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992); *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987); *Grandstaff v. City of Borger,* 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987). Plaintiffs have not alleged that Dr. Bolin participated in any care to detainee Henson which deprived him of a constitutional right; and they have not alleged that any of the jail policies were unconstitutional on their face. Plaintiffs have merely alleged that the conduct of the jail staff was substandard as provided to detainee Henson and that the jail policies were not properly followed by the jail staff.

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                                      **Page 4 of 15**
42446v1 190-1027

The Fifth Circuit has repeatedly held that not every case of inadequate or improper medical treatment rises to the level of a constitutional claim. Allegations of mere negligence, neglect, or medical malpractice do not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). See also *Stewart* v. *Murphy*, 174 F.3d 530 (1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Such cases do not evince "deliberate indifference" and are properly subject to dismissal. *Johnson*, 759 F.2d at 1238.

In our case, Plaintiffs have provided no allegations contained in their pleadings of any denial of medical treatment by Dr. Bolin that would satisfy the deliberate indifference standard, and the Court should enter final judgment on behalf of Dr. Bolin accordingly based on his Motion to Dismiss for failure to state a cause of action within the qualified immunity exception.

The United States Supreme Court identified the "mental element" necessary to support a claim of deliberate indifference in *Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official cannot be found liable unless the official knows of and disregards an excessive risk to a detainee's health or safety. The official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also actually draw that inference. *Farmer*, 511 U.S. at 837. Again, Plaintiffs have not alleged that Dr. Bolin knew of detainee Henson or his medical condition which would satisfy their burden to show deliberate indifference.

Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s
Motion for Dismiss                                        Page 5 of 15
42446v1 190-1027

Because it rests on the "wanton" nature of the defendant's actions, this standard necessarily requires an inquiry into the defendant official's state of mind. "If the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." *Wilson v. Seiter,* 501 U.S. 294 (1991) (the Court recalled that the rejection of the medical claim in *Estelle* was because the prisoner had failed to establish that prison officials possessed a sufficiently culpable state of mind).

If Mr. Henson was deprived of any medical treatment while detained at the Wichita County Jail Annex, Plaintiffs have no evidence in their pleadings to establish that Dr. Bolin knew of and disregarded an excessive risk to Mr. Henson's health or safety.  For this reason as well, the Court should enter final judgment on behalf of Dr. Bolin based on his Motion to Dismiss under FRCP 12(b)6.  There is no allegation that Dr. Bolin knew that detainee Henson was in need of medical attention and no allegation that Dr. Bolin was contacted regarding detainee Henson's medical condition.   To the contrary, the only evidence contained in the Plaintiff's pleadings reveals allegations of negligent conduct by the jail staff in not contacting the jail physician or following the policies regarding contacting the jail physician

.

**C.        Qualified Immunity**

A review of case law from the Fifth Circuit indicates that contract physicians like Dr. Bolin are entitled to qualified immunity.  *See Chauncey v.*

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                                    **Page 6 of 15**
42446v1 190-1027

*Evans*, Not Reported in F.Supp.2d, 2003 WL 21730580 (N.D.Tex. 2003) (holding contract physicians are entitled to qualified immunity); *Bezotte v. Kalmanov*, Not Reported in F.Supp.2d, 2001 WL 167830 (N.D.Tex. 2001) (holding prisoner failed to overcome qualified immunity defense of contract physician); *Burton v. Cameron County*, 884 F.Supp. 234 (S.D.Tex. 1995) (holding prisoner failed to overcome qualified immunity defense of contract physician).

In *Chauncey v. Evans*, the Northern District of Texas specifically addressed the issue of whether contract physicians are entitled to qualified immunity. Not Reported in F.Supp.2d, 2003 WL 21730580 (N.D.Tex. 2003). In that case, the prisoner stated the proposition that contract employees may not assert the defense of qualified immunity. *Id.* at *2. The *Chauncey* reviewed the unique relationship between contract physicians and prison officials and found the physicians to have qualified immunity. *Id.*

> Because the provision of onsite medical care to prisoners is a "joint effort" requiring "close cooperation and coordination" between medical care providers and other prison officials, the present defendants are not in the same position as the *Richardson* defendants, who were supervised not by State prison officials, but by the private company which employed them. Instead, [the contract physicians] performed their duties entirely within the context of the prison unit and acted under close official supervision, with the result that the *Richardson* holding is not determinative of their entitlement to qualified immunity.*Id.*

"Given the nature of the responsibilities of the defendants, the provision of medical care which the State is obligated to provide to prisoners, and the prison setting in which the provision of such care occurred," the Court concluded the

Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s
Motion for Dismiss                                                    Page 7 of 15
42446v1 190-1027

contract physicians were entitled to claim qualified immunity against the prisoner's claims. *Id.*

Additionally, the U.S. Supreme Court has previously held that contract physicians are subject to liability under 42 U.S.C. § 1983 even though such physicians were independent contractors. *West v. Atkins*, 487 U.S. 42 (1988).

> Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."*Id.* at 56.

The Court stated, "[t]he State bore an affirmative obligation to provide adequate medical care to [the prisoner]; the State delegated that function to [the contract physician]; and [the physician] voluntarily assumed that obligation by contract." *Id.* Given this relationship, the Court concluded the physician was a state actor for purposes of Section 1983. *Id.* It is simply illogical to subject contract physicians like Dr. Bolin to liability under Section 1983 but to deny the qualified immunity defense enjoyed by all other state actors.

Dr. Bolin in his individual capacity is therefore protected by the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The doctrine of qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway* 510 U.S. 510 (1994). In order to overcome this defense, Plaintiff must prove Dr. Bolin violated "clearly established statutory

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                             **Page 8 of 15**
42446v1 190-1027

or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Anderson v. Creighton,* 483 U.S. 635, 641 (1987); *Bennett v. City of Grand Prairie,* 883 F.2d 400, 408 (5th Cir. 1989).

Significantly, it is Plaintiff's burden to overcome Dr. Bolin's qualified immunity. *Salas v. Carpenter,* 980 F.2d 299 (5th Cir. 1992); *Elliott v. Perez,* 751 F.2d 1472, 147679 (5th Cir. 1985). Plaintiff is held to heightened pleading standards and must allege in their Complaint with particularity all material facts establishing their right to recovery, including facts which negate the official's qualified immunity defense. *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986). Furthermore, Plaintiffs must do so by asserting something more than conclusory allegations. *Wicks v. Mississippi State Employment Services,* 41 F.3d 991 (5th Cir. 1995).

The Court must first address the issue of qualified immunity because its resolution determines a defendant's immunity from suit, that is, his ability to avoid a trial altogether, rather than mere immunity from damages. *Waters v. Ayers,* 2006 WL 196954, *2 (N.D. Tex., Jan 26, 2006) (citing *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir.1993)). As stated in *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Waters at *2.* Trial courts should first determine whether a plaintiff has alleged a claim for a violation of a constitutional right and then address

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                                                                      **Page 9 of 15**
42446v1 190-1027

whether a defendant is entitled to qualified immunity. *Id.* (citing *Duckett v. City of Cedar Park,* 950 F.2d 272, 276-78 (5th Cir.1992)).

The first hurdle Plaintiff must clear is to state a claim of constitutional dimension. *Siegert v. Gilley,* 500 U.S. 226, 231 (1991). In this case, the Court need not proceed past the first prong of the test. Denial of medical care to a prisoner is a constitutional violation only if it rises to the level of "deliberate indifference to the serious medical needs" of the prisoner. *Gregg v. Georgia,* 428 U.S. 153 173 (1976); *see Domino,* 239 F.3d at 755. Prison medical staff can be held liable only if they intentionally deny access to medical care, or intentionally delay such access with substantially harmful result. *Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976). Under the facts here, Plaintiff has raised no inference of deliberate indifference on the part of Dr. Bolin. To the contrary, Plaintiff's pleadings reveal that detainee Henson received medical care during his incarceration by the county jail staff. Plaintiffs may have alleged that the care was substandard, but they have not shown any evidence or even alleged that Dr. Bolin was in any way involved in the care provided to detainee Henson.

To establish "deliberate indifference," a prisoner must show that an official (1) was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) actually drew the inference, or was deliberately blind to it; and (3) failed to take obvious steps to address the risk. *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 530 (5th Cir.1994). Deliberate indifference describes a state of mind more blameworthy than mere negligence on the part of the medical officer. The standard is "stringent," requiring that a government actor

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                    **Page 10 of 15**
42446v1 190-1027

have disregarded a known or obvious consequence of his or her action. *Board of the Cty Comm'ers of Bryan County, Okla. v. Henson,* 520 U.S. 397, 410 (1997); *see Domino,* 239 F.3d at 756 ("Deliberate indifference is an extremely high standard to meet.").

Deliberate indifference under requires the same showing of "subjective recklessness" used in criminal law. *Farmer v. Brennan,* 511 U.S. 825 (1994). Mere negligence, gross negligence, or medical malpractice is not enough to meet the test. *Hare,* 74 F.3d at 645; *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1993) (citing *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir.1979)). Rather, the plaintiff must show the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* The failure to alleviate a significant risk that an official should have perceived but did not is insufficient to create a cause of action. *Farmer,* 511 U.S. at 838.

In this case, no genuine issue of a constitutional violation is raised in either the Amended Complaint or Rule 7(a) reply. Although Dr. Bolin does not intend in any way to denigrate the legitimacy of the Plaintiffs' loss, the pleadings and evidence, viewed in the light most favorable to the Plaintiffs, ultimately reveals legally sufficient jail care by the jail staff. Plaintiffs may disagree with the quality of the treatment, and with the timing of it, but that is not enough under the legal standard of this Circuit to support their claims. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997); *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir.1995).

Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s
Motion for Dismiss                                                        Page 11 of 15
42446v1 190-1027

On November 28, 2006, Dr. Bolin filed his Motion for a More Definite Statement. Thereafter, the Court entered an order which required Plaintiffs to file a detailed reply under Fed.R.Civ.P. 7(a) setting forth specific facts which, if proven, would overcome the entitlement of the Defendant Jim Bowles to qualified immunity in this suit. On July 27, 2007, Plaintiffs filed their Rule 7(a) reply.

Plaintiffs assert that Dr. Bolin is personally liable for three reasons. Plaintiffs state:

1.      Dr. Bolin failed to supervise and instruct.
2.      Dr. Bolin created barriers to supervision and proper medical treatment.
3.      Dr. Bolin constructively knew that Wilbert Henson needed doctors care.

Plaintiffs plainly infer that the death was caused as a result of the alleged negligence of the jail staff and not the result of intentional misconduct by Dr. Bolin. Indirect allegations of failing to supervise, failing to allow phone calls, and creation of a medical record by the jail staff do no demonstrate through pleadings that Dr. Bolin knew of detainee Henson's medical condition or was consciously indifferent to detainee Henson.

Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)(concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property"); *Davidson v. Cannon,* 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                    **Page 12 of 15**
42446v1 190-1027

violation); and *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990)(emphasizing that allegations of negligence are simply insufficient to impose liability under § 1983.

Plaintiffs have failed to allege any intentional misconduct of Dr. Bolin which shows "a subjective deliberate indifference to conditions posing a substantial risk of serious harm to him." *Gates v. Cook,* 376 F.3d 323, 333 (5th Cir. 2004)(*citing Farmer v. Brennan,* 511 U.S. 825, 833-34, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994). These allegations of vicarious liability for the conduct of the jail staff in the guise of a constitutional violation amount to nothing more than a garden-variety negligence claim which is not actionable under 42 U.S.C. § 1983. *See Marsh v. Jones,* 53 F.3d 707, 711-12 (5th Cir. 1995) (detainee's alleged damages stemming from a slip and fall due to leaky air conditioning unit not actionable under § 1983). *See also, LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993)("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); and *Brummett v. Camble,* 946 F.2d 1178, 1183 (5th Cir. 1991).

Plaintiffs have failed to establish that Dr. Bolin maintained or failed to provide a policy which caused a violation of Henson's constitutional rights under 42 U.S.C. § 1983 in the alleged incident made the basis of this suit; that a policy that was implemented or allegedly should have been implemented by Dr. Bolin caused a violation of Henson's constitutional rights under 42 U.S.C. § 1983 in the alleged incident made the basis of this suit; or that Dr. Bolin's conduct was objectively unreasonable. Dr. Bolin's actions, if any, were taken within the scope of his discretionary authority and he did not violate any of Mr. Henson's clearly

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                          **Page 13 of 15**
42446v1 190-1027

established constitutional right so which a reasonable person would have known. Plaintiffs have provided numerous allegations of purported substandard conduct by the jail staff, but no allegation that such conduct in any way involved Dr. Bolin or that he in any way was consciously indifferent in detainee Henson's rights.

## III
### PRAYER AND CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Dr. Bolin submits that there are no direct allegations against him regarding his qualified immunity and prays that the Court will grant his Motion for Dismiss Based on Qualified Immunity and dismiss Plaintiffs' claims with prejudice, that Plaintiffs take nothing by this action, that Dr. Bolin recovers his costs, including reasonable attorney's fees expended herein and for further relief to which he may be justly entitled under the law.

Respectfully submitted,

STEWART STIMMEL LLP
1701 Market Street
Suite 318, LB 18
Dallas, Texas  75202
(214) 752-6995
(214) 752-6929 - FAX

/s/ Vernon L. Krueger
*Lead Attorney*
State Bar No. 11740515
Email:
Vernon@stewartstimmel.com

ATTORNEYS FOR DEFENDANT
DANIEL H. BOLIN, M.D.

Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s
Motion for Dismiss                                    Page 14 of 15
42446v1 190-1027

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007 we electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this Notice as service of this document by electronic means.


/s/ Vernon L. Krueger

**Memorandum Brief in Support of Defendant Daniel H. Bolin, M.D.'s**
**Motion for Dismiss**                                **Page 15 of 15**
42446v1 190-1027