IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ESTATE OF WILBERT LEE HENSON, ET AL., | § § § |
| Plaintiffs, | § § |
| v. | § No. 7:06-CV-44-BF § |
| WICHITA COUNTY, ET AL., | § § § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

In this case brought under 42 U.S.C. § 1983, Defendants Wichita County and Dr. Daniel H. Bolin have filed separate motions for reconsideration of the orders denying summary judgment in their favor. For the reasons stated, Defendants' motions are GRANTED, and Plaintiffs' claims are DISMISSED with prejudice.

### Background

This is a civil rights action brought by family members of Wilbert Lee Henson, a pretrial detainee who died while he was in custody at the Wichita County Jail. The underlying facts are set forth in several prior court opinions and need not be repeated here at length. *See Estate of Henson v. Callahan*, 440 F. App'x 352 (5th Cir. 2011); *Estate of Henson v. Krajca*, 440 F. App'x 341 (5th Cir. 2011); *Estate of Henson v. Wichita Cnty.*, 652 F.Supp.2d 730 (N.D. Tex. 2009). Succinctly stated, Henson was arrested and taken to the Wichita County Jail on Tuesday, November 23, 2004. At book-in, he complained of trouble breathing and informed a jail nurse that he had chronic obstructive pulmonary disease, or "COPD," emphysema, and pneumonia. The nurse gave Henson

an antibiotic and an albuterol inhaler and noted that he should be seen by Bolin, the County's jail physician, during the doctor's regularly-scheduled visit to the jail the next morning. However, Henson was transferred from the main jail building to the "annex" before Bolin made his visit. Bolin regularly visited the annex on Thursdays and would have seen Henson on November 25, but that day was Thanksgiving Day, and Bolin did not visit the annex.

While at the annex, Henson complained to detention officers about his breathing, and other inmates noticed Henson having difficulty breathing and requested medical treatment on his behalf. Another jail nurse, Kaye Krajca, was called to the annex around noon on November 26. Henson informed Krajca that he had COPD and pneumonia. Krajca gave Henson a breathing treatment and made a note requesting that the doctor see Henson, but she never actually informed Bolin of Henson's condition. During the evening on November 27, a detention officer called Krajca regarding Henson. Krajca authorized moving Henson to a medical segregation cell, or "solitary," and asked that Henson be observed every thirty minutes. After he was moved to solitary, detention officers administered three breathing treatments to Henson on November 28 and a fourth breathing treatment on November 29. At some point in the early morning hours on November 29, detention officers went to Henson's cell and found him in severe respiratory distress. Henson stopped breathing, and the detention officers' efforts to resuscitate him failed. He was rushed to the hospital where he died. The medical examiner determined Henson died from COPD.

Plaintiffs filed this lawsuit on March 27, 2006 bringing various state and federal claims arising out of Henson's death against several defendants, including Wichita County, Sheriff Thomas J. Callahan, Bolin, and Krajca. These defendants filed separate motions for summary judgment on grounds of qualified immunity. The District Court denied summary judgment on Plaintiffs' Section

1983 claims against Krajca for deliberate indifference to Henson's constitutional right to adequate medical care and their supervisory liability claims against Sheriff Callahan and Bolin. More specifically, the District Court found a genuine issue as to whether Krajca displayed deliberate indifference to Henson's constitutional right to adequate medical care and whether Bolin was liable under Section 1983 for his failure to supervise the nurses. The District Court also found there were disputed facts regarding whether Bolin had maintained a custom of fear and intimidation that discouraged his staff from sending seriously ill inmates to the hospital, whether Sheriff Callahan failed to supervise Bolin and the nurses at the jail, and whether the Sheriff was aware of and failed to halt Bolin's alleged custom of intimidation. Krajca, Bolin, and Sheriff Callahan filed interlocutory appeals of the District Court's denial of qualified immunity.

The Fifth Circuit dismissed Bolin's appeal for want of prosecution and reversed the denial of qualified immunity with respect to Krajca and Sheriff Callahan. The Fifth Circuit held that Krajca was entitled to qualified immunity because her actions were indicative only of negligence, gross negligence, or malpractice and did not rise to the level of deliberate indifference. *See Krajca*, 440 F. App'x at 346-47. The Fifth Circuit also held that, without a showing of deliberate indifference by Krajca, there was no predicate constitutional violation upon which to base the Sheriff's supervisory liability. *See Callahan*, 440 F. App'x at 358. The Fifth Circuit remanded the case to the District Court with instructions to dismiss Krajca and Sheriff Callahan from this lawsuit.

Following remand, the parties consented to proceed before a magistrate judge, and this case was reassigned to the undersigned United States Magistrate Judge. Now, in light of the Fifth Circuit's holdings in *Krajca* and *Callahan*, Wichita County and Bolin – the only remaining Defendants in this lawsuit – ask the Court to reconsider the denial of summary judgment in their

3

favor. The issues have been fully briefed and argued by the parties, and the matter is ripe for determination.

## Legal Standards

Defendants move for reconsideration under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that an order that adjudicates fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). Thus, Rule 54(b) governs requests that the court reconsider an interlocutory order. "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the broad discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009); *Calpecto 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993). Such a motion requires the court to determine "whether reconsideration is necessary under the relevant circumstances." *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *1 (N.D. Tex. Jan 22, 2010) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D. D.C. 2006)). "Because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Analysis**

The Court finds that the Fifth Circuit's decisions in *Krajca* and *Callahan* clarify the substantive law applicable to the facts of this case and justify the reexamination of the previous orders denying summary judgment in favor of Bolin and Wichita County. *See Lavespere*, 910 F.2d at 185.

**Plaintiff's Claims Against Dr. Bolin**

Bolin argues that he is entitled to summary judgment on Plaintiff's remaining supervisory liability claims against him because the Fifth Circuit determined that Krajca did not act with deliberate indifference to Henson's serious medical needs. Indeed, the Fifth Circuit has explained that "[t]he causation prong [of a Section 1983 claim] explicitly requires an underlying constitutional violation before holding a supervisor liable." *Callahan*, 440 F. App'x at 357. Because Krajca did not violate Henson's constitutional rights, her conduct cannot serve as a predicate for Bolin's supervisory liability. *See id.* Bolin is therefore entitled to qualified immunity, and Plaintiffs' claims against him must be dismissed.

Plaintiffs contend the fact that Krajca is entitled to qualified immunity is "immaterial" to the District Court's earlier finding that "there are genuine issues of material fact regarding whether Defendant Bolin is an official who can be held personally liable for implementing, adopting, or maintaining a custom or policy [of nurse intimidation] so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the constitutional violation at issue here." Plf. Resp. (Doc. 269) at 15. Plaintiffs' argument is inapposite because it fails to acknowledge that the prior holding was based, in part, on the determination that the summary judgment evidence also was sufficient to raise a fact question as to the existence of an underlying constitutional violation. *See Henson*, 652 F.Supp.2d at 746. Specifically, the District Court concluded that the evidence was sufficient to raise an issue as to whether Krajca was deliberately indifferent to Henson's serious medical needs. *Id.* The Fifth Circuit reversed the District Court's determination and concluded that Krajca is entitled to qualified immunity because there is no evidence that her treatment of Henson rose to the level of a constitutional violation. *Krajca*, 440 F. App'x at 346-47. Thus, even if a genuine question exists as to whether Bolin in fact maintained a policy of nurse intimidation, Plaintiffs' claim still fails on the causation element. *See id.*

There is no evidence that Bolin was directly involved in the events surrounding Henson's death. *Henson*, 652 F.Supp.2d at 741. Nor is there any indication that Bolin ever treated Henson or even knew of his medical needs. *Id*. The only basis for Bolin's liability is as a supervisor. However, the Fifth Circuit found Krajca's actions to be indicative only of negligence, gross negligence, or malpractice. *Krajca*, 440 F. App'x at 346-47. "There is nothing on which it can be inferred that she 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs.'" *Id.* at 346 (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Without an underlying constitutional violation on which to base supervisory liability, Bolin is entitled to qualified immunity. *Callahan*, 440 F. App'x at 357.

### Plaintiff's Claims against Wichita County

Similarly, Plaintiffs claims against Wichita County cannot survive in the absence of an underlying constitutional violation. *Daniels v. City of Dallas*, No. 3:05-CV-2460-B, 2007 WL 2059742, at * (N.D. Tex. Jul. 18, 2007), *aff'd*, 272 F. App'x 321 (5th Cir. 2008) (Section 1983 claims against a municipality cannot survive in the absence of an underlying constitutional violation); *see also Williams v. Kaufman County*, 352 F.3d 994, 1014 (5th Cir. 2003) (characterizing argument that municipality is not liable for actions that do not amount to constitutional violations as "a truism that none contests").

Plaintiffs attempt to avoid dismissal by asserting that their claim against the County should be construed as a "conditions of confinement" claim. *See* Plf. Resp. at 5, 12-14. Such a claim arises when a plaintiff makes a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc). Typically, the "condition" is the manifestation of an explicit policy or restriction, such as the number of bunks per cell, mail privileges, or disciplinary segregation. *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (citing *Scott v. Moore*, 114 F.3d 51, 53 n. 2 (5th Cir.1997) (en banc)). In the absence of an explicit policy, a plaintiff may prove a condition reflected by an unstated policy established by evidence of a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials to prove an intended condition or practice." *Id.* By contrast, an "episodic act or omission" case generally interposes a jail

7

official between the detainee and the municipality, such that the plaintiff complains first of a particular act or omission by the jail official and then points derivatively to a municipal policy that permitted or caused the act or omission. *See Flores v. Cnty. of Hardeman*, 124 F.3d 736, 738 (5th Cir. 1997).

Here, the gravamen of Plaintiffs' claims is that Henson died because Krajca failed to make Bolin aware of Henson's serious medical condition and that Krajca's failures were the result of the County's policy of a "laundry list" of unconstitutional customs and conditions. Plf. Resp. at 12-13. Properly construed, these allegations state an episodic act or omission case. ; *see also Brown v. Bolin*, 500 F. App'x 309, 313 (5th Cir. 2012) (affirming district court's analysis of substantially similar allegations, including allegation that supervising physician intimidated nurses to prevent them from calling him after hours, as episodic act or omission case). In order to overcome the qualified immunity defense in an episodic acts case, Plaintiffs must prove that Krajca acted or failed to act with deliberate indifference to Henson's needs. *See Hare*, 74 F.3d at 648. The Fifth Circuit's conclusion that Krajca did not act with deliberate indifference forecloses Plaintiffs' claims. Wichita County is thus entitled to summary judgment.

## CONCLUSION

Defendants' Motions for Reconsideration (Doc. 202 & 203) are GRANTED. Plaintiffs' remaining claims are DISMISSED with prejudice.

SO ORDERED, December 27, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8